IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00251-BNB

MARCUS DESHAWN MITCHELL,

    Applicant,

v.

ANGEL MEDINA, and
JOHN SUTHERS, THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Marcus Deshawn Mitchell, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Limon Correctional Facility in Limon, Colorado. Mr. Mitchell has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 98CR1791 in the Arapahoe County District Court. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an order entered on February 13, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on March 16, 2012. Mr. Mitchell submitted a Reply on April 23, 2012.

The Court must construe liberally the Application filed by Mr. Mitchell because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

### I. Background and State Court Proceedings

On August 11, 1999, a jury found Mr. Mitchell guilty of first degree murder, attempted second degree murder, and first degree assault. Pre-Answer Resp. Ex. A at p. 26 (State Court Register of Actions). On April 6, 2000, the trial court sentenced Mr. Mitchell to life in prison. *Id.* at 24.

Mr. Mitchell filed a direct appeal to the Colorado Court of Appeals. On November 1, 2001, the appellate court affirmed his conviction and sentence. *See People v. Mitchell*, No. 00CA0931 (Colo. App. Nov. 1, 2001) (unpublished opinion). Mr. Mitchell petitioned the Colorado Supreme Court for certiorari review, which was denied on October 7, 2002. *See* Pre-Answer Resp. at Ex. K.

On June 3, 2003, Mr. Mitchell filed a post-conviction motion pursuant to Colorado Rule of Criminal Procedure 35(c). *See* Pre-Answer Resp. at Ex. A, p. 22. After a hearing, the trial court denied the motion on July 13, 2006. *Id.* at 18. Mr. Mitchell filed an appeal, and the Colorado Court of Appeals affirmed the trial court on February 14, 2008. *See People v. Mitchell*, No. 06CA1686 (Colo. App. Feb. 14, 2008) (unpublished opinion). The Colorado Supreme Court denied certiorari review on May 27, 2008. *See* Pre-Answer Resp. at Ex. E.

On December 4, 2008, Mr. Mitchell filed a second post-conviction motion pursuant to Rule 35(c). *Id.* at Ex. F, p. 3. The trial court denied the motion on May 7, 2009. *Id.* The Colorado Court of Appeals affirmed the trial court on July 21, 2011. *See People v. Mitchell*, No. 09CA1473 (Colo. App. July 21, 2011) (unpublished opinion). The Colorado Supreme Court denied certiorari review on December 27, 2011. *See* Pre-Answer Resp. at Ex. G.

Mr. Mitchell then filed the instant action, which was received by the Court on January 31, 2012. In the Application, Mr. Mitchell asserts six claims.

## II.     Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of

3

>
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Mitchell's criminal case became final. Because Mr. Mitchell filed a direct appeal, his conviction became final on January 6, 2003,[1] ninety days after October 7, 2002, the date the Colorado Supreme Court denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). As such, the one-year statute of limitations began to run on January 7, 2003, the next business day after the conclusion of his direct appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Mitchell's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required

---

[1] The ninetieth day after October 7, 2002, was January 5, 2003. However, January 5, 2003, was a Sunday. Therefore, the filing deadline extended to January 6, 2003. *See* C.A.R. 26(a).

> filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

There were no pending post-conviction motions in Mr. Mitchell's state court action between January 7, 2003, and June 2, 2003. *See* Pre-Answer Resp. at Ex. A, p. 22. These 147 days are counted against the one-year statute of limitations. Mr. Mitchell filed a Rule 35(c) motion on June 3, 2003, that concluded on May 27, 2008, when the Colorado Supreme Court denied certiorari review. *See* Pre-Answer Resp. at Ex. E.

There were no pending motions in Mr. Mitchell's state court case between May 28, 2008, and December 3, 2008. *See* Pre-Answer Resp. at Ex. A, p. 16-17; Ex. F. at p. 3. These 190 days are counted against the one-year statute of limitations. Mr. Mitchell filed a second post-conviction motion on December 4, 2008, that concluded on December 27, 2011, when the Colorado Supreme Court denied certiorari review. *See*

Pre-Answer Resp. at Ex. F, p. 3; Ex. G. Therefore, the limitations period began running again on December 28, 2011, and ran for 28 days until it expired on January 25, 2012 (147 days + 190 days + 28 days = 365 days). Mr. Mitchell's application was received by the Court on January 31, 2012, seven days after the expiration of the limitations period.

However, the Court notes that Mr. Mitchell signed the application on January 24, 2012, which is within the limitations period. The Court, therefore, must address whether he can take advantage of the prison mailbox rule. "The prison mailbox rule . . . holds that a pro se prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). An inmate can obtain the benefit of the prison mailbox in one of two ways:

> (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid . . . .

*Price*, 420 F.3d at 1165. Mr. Mitchell bears the burden to demonstrate that a timely filing was made under the prison mailbox rule. *See United States v. Ceballos-Martinez,* 387 F.3d 1140, 1143 (10th Cir. 2004). Mr. Mitchell's application does contain a certificate of service which states that the application was placed in the mail on January 24, 2012. However, the certificate of service does not contain a notarized statement or a declaration under penalty of perjury. The certificate of service contains only Mr. Mitchell's signature, which is insufficient under the mailbox rule. *See Price*, 420 F.3d at 1165; *see also Portley-El v. Milyard*, 365 Fed. Appx. 912, 925 n. 6 (D. Colo. Feb. 3,

2010) (unpublished opinion) (holding that prisoner failed to comply with the mailbox rule where he attached a certificate of service to his appeal, but failed to certify the filing "as true under penalty of perjury"). Therefore, the mailbox rule does not apply to Mr. Mitchell's application, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Mitchell bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Nothing in the record indicates that Mr. Mitchell faced extraordinary circumstances that prevented him from diligently pursuing his claims. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (holding that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas

corpus action in this Court.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  4th  day of      May       , 2012.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court